## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,** | Case No. 1:16-cv-631 |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| **v.** | |
| **Kuer Outdoors, LLC,** | **(1) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271;** |
| **Defendant.** | **(2) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |

**(1) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271;**
**(2) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**
**(3) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**
**(4) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**
**(5) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**
**(6) COMMON LAW TRADE DRESS INFRINGEMENT;**
**(7) COMMON LAW UNFAIR COMPETITION;**
**(8) COMMON LAW MISAPPROPRIATION; AND**
**(9) UNJUST ENRICHMENT.**

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Kuer Outdoors, LLC ("Kuer"), alleges as follows:

## The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.      Upon information and belief, Kuer Outdoors, LLC, is a corporation organized under the laws of the State of Delaware with a place of business at 22820 Interstate 45, Building 9M, Spring, TX 77373, that does business under the name Kuer, including through the web site www.kuercoolers.com/.

## Jurisdiction and Venue

3.      This is an action for patent infringement, trade dress infringement, unfair competition and false designation of origin, trade dress dilution, misappropriation, and unjust enrichment.  This action arises under the Patent Act, 35 U.S.C. § 1, *et seq*., the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), federal common law, the Texas Business & Commerce Code, and state common law, including the law of Texas.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      This Court has personal jurisdiction over Kuer because, *inter alia*, Kuer is doing business in the State of Texas, including in this District.  For example, and as discussed in more detail below, (i) Kuer's principal web site (as stated above) reaches into Texas, including this District, on which Kuer has advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute infringing products to customers and potential customers, (ii) Kuer's tortious acts giving rise to this lawsuit and harm to YETI are occurring in the State of Texas, including in this District, and (iii) Kuer's customers and potential customers reside in the State of Texas, including in this District.

6.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

### General Allegations – YETI's Intellectual Property

7.      For almost ten years, YETI has continuously engaged in the development, manufacture, and sale of premium, heavy-duty coolers.  Two of YETI's coolers are its "Roadie®" and "Tundra®" coolers.

8.      As a result of YETI's considerable investments and efforts, the Roadie® and Tundra® coolers are designed and built to provide extreme insulating capabilities and exceptional durability.  YETI has invested substantial resources in the design, development, manufacture, and marketing of its coolers.  YETI has sold more than 400,000 Roadie® and more than 1,000,000 Tundra® coolers throughout the United States, including sales to customers in the State of Texas.

9.      YETI owns United States patents related to its coolers, including U.S. Patent No. 8,910,819 ("the '819 patent") and U.S. Patent No. 9,187,232 ("the '232 patent").  The '819 patent is entitled "Insulating Container and Latching Mechanism."  On December 16, 2014, the '819 patent was duly and legally issued by the U.S. Patent Office to Roy Joseph Seiders, who assigned to YETI the entire right, title, and interest to the '819 patent, including all rights to recover for all infringements thereof.  A copy of the '819 patent is attached as Exhibit 1.

10.      The '232 patent is entitled "Insulating Container and Latching Mechanism."  On November 17, 2015, the '232 patent was duly and legally issued by the U.S. Patent Office to Roy Joseph Seiders, who assigned to YETI the entire right, title, and interest to the '232 patent, including all rights to recover for all infringements thereof.  A copy of the '232 patent is attached as Exhibit 2.

11.      For many years, YETI has also continuously engaged in the development, manufacture, and sale of premium, heavy-duty insulated drinkware.  YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas.  Through that extensive and continuous use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's designs also

have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns trade dress rights relating to the source identifying features of its insulated drinkware designs.

12.     Specifically, YETI sells insulated drinkware products, the "YETI 30 oz. Rambler™ Tumbler" and the "YETI 20 oz. Rambler™ Tumbler," hereinafter referred to as "the Rambler™ Tumblers."  YETI has invested substantially in the design, development, manufacture, and marketing of the Rambler™ Tumblers.

13.     YETI has enjoyed significant sales of the Rambler™ Tumblers throughout the United States, including sales to customers in the state of Texas.  YETI has expended significant resources advertising and marketing the Rambler™ Tumblers.

14.     The Rambler™ Tumblers designs also have distinctive and non-functional features that identify to consumers that the origin of the Rambler™ Tumblers is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler™ Tumblers designs, YETI's marketing, advertising and sales of the Rambler™ Tumblers, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler™ Tumblers, which consumers have come to uniquely associate with YETI.

15.     Illustration 1 below shows an exemplary image of a YETI 30 oz. Rambler™ Tumbler sold by YETI.

| **Illustration 1:  Exemplary Image of a YETI 30 oz. Rambler™ Tumbler.** |
| --- |



16.     YETI has trade dress rights in the overall look and appearance of the YETI 30 oz. Rambler™ Tumbler, including, but not limited to, the visual flow of the YETI 30 oz. Rambler™ Tumbler; the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the design, style, and appearance of these curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the visual connection and relationship between the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the style, design, and appearance of design aspects of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the

YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler™ Tumbler and the tumbler lid on the YETI 30 oz. Rambler™ Tumbler; and the overall look and appearance of the tumbler and the tumbler with the tumbler lid that YETI uses in connection with the YETI 30 oz. Rambler™ Tumbler.

17.     Illustration 2 below shows an exemplary image of a YETI 20 oz. Rambler™ Tumbler sold by YETI.

**Illustration 2:  Exemplary Image of a YETI 20 oz. Rambler™ Tumbler.**



18.     YETI has trade dress rights in the overall look and appearance of the YETI 20 oz. Rambler™ Tumbler, including, but not limited to, the visual flow of the YETI 20 oz. Rambler™ Tumbler; the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the design, style and appearance of these curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the visual connection and relationship between the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the style, design and appearance of design aspects of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20

oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler™ Tumbler and the tumbler lid on the YETI 20 oz. Rambler™ Tumbler; and the overall look and appearance of the tumbler and the tumbler with the tumbler lid that YETI uses in connection with the YETI 20 oz. Rambler™ Tumbler.

19.     As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate them as source identifiers of YETI.

**General Allegations – Kuer's Unlawful Activities**

20.     Kuer has purposefully advertised, promoted, offered for sale, sold, and distributed, and continues to advertise, promote, offer for sale, sell, and distribute coolers and tumblers that violate YETI's rights, including the rights protected by YETI's intellectual property.  Upon information and belief, Kuer is also making such infringing products and/or importing such infringing products into the United States.  At least Kuer's infringing tumbler products are confusingly similar imitations of YETI's products and are in the same sizes as YETI's products.  Kuer's actions have all been without the authorization of YETI.

21.     Kuer's infringing cooler products include its "Premium" coolers, including at least its 20 Quart Premium Cooler and 45 Quart Premium cooler.  Other Kuer cooler products may infringe as well.  A printout from Kuer's web site, www.kuercoolers.com, showing Kuer's infringing cooler products is attached as Exhibit 3.

22.    Illustrations 3 and 4 below show examples of Kuer's infringing tumbler products. A printout from Kuer's web site, www.kuercoolers.com, showing Kuer's infringing tumbler products is attached as Exhibit 4.

| Illustration 3:  Exemplary Images of Kuer's 30 oz. Infringing Product. |
| :---: |
|  |

| Illustration 4:  Exemplary Image of Kuer's 20 oz. Infringing Product. |
| :---: |
|  |

23.    As a result of Kuer's activities related to the infringing tumbler products, there is a strong likelihood of confusion between Kuer and its products on the one hand, and YETI and its products on the other hand.

24.    YETI used its tumbler trade dress extensively and continuously before Kuer began advertising, promoting, selling, offering to sell, or distributing its infringing tumbler products.   Moreover, YETI's tumbler trade dress became famous and acquired secondary

meaning in the United States and in the State of Texas generally and in geographic areas in Texas before Kuer commenced unlawful use of YETI's trade dress.

25.      As discussed above and as set forth in the counts below, Kuer's actions are unfair and unlawful.

## Count I:
### Patent Infringement of U.S. Patent 8,910,819 Under 35 U.S.C. § 271

26.      YETI realleges and incorporates the allegations set forth in paragraphs 1 through 25 as though fully set forth herein.

27.      Kuer has infringed and continues to infringe the '819 patent at least by using, selling, and offering to sell its "Premium" coolers, including its 20 Quart Premium Cooler and 45 Quart Premium Cooler, and on information and belief by making these cooler products and/or importing them into the United States, which are covered by one or more claims of the '819 patent.

28.      Kuer's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court

29.      On information and belief, Kuer's infringement of the '819 patent has been and is in willful disregard of the '819 patent and the rights created thereunder, as evidenced at least by the similarities between the infringing cooler products and the inventions claimed in the '819 patent, and by Kuer's continuing disregard for YETI's rights.

30.      This is an exceptional case in view of, *inter alia*, Kuer's willful infringement.

31.      YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief at least under at least 35 U.S.C. §§ 281, 284, and 285.

32.      Kuer also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

9

## Count II:
### Patent Infringement of U.S. Patent 9,187,232 Under 35 U.S.C. § 271

33.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 32 as though fully set forth herein.

34.     Kuer has infringed and continues to infringe the '232 patent at least by using, selling, and offering to sell its "Premium" coolers, including its 20 Quart Premium Cooler and 45 Quart Premium Cooler, and on information and belief by making these cooler products and/or importing them into the United States, which are covered by one or more claims of the '232 patent.

35.     Kuer's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

36.     On information and belief, Kuer's infringement of the '232 patent has been and is in willful disregard of the '232 patent and the rights created thereunder, as evidenced at least by the similarities between the infringing cooler products and the inventions claimed in the '232 patent, and by Kuer's continuing disregard for YETI's rights.

37.     This is an exceptional case in view of, *inter alia*, Kuer's willful infringement.

38.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief at least under at least 35 U.S.C. §§ 281, 284, and 285.

39.     Kuer also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count III:
### Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

40.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41.     Kuer's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing tumbler products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's tumbler trade dress.  Kuer's use of YETI's tumbler trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Kuer with YETI and as to the origin, sponsorship, and/or approval of the infringing tumbler products, at least by creating the false and misleading impression that the infringing tumbler products are manufactured by, authorized by, or otherwise associated with YETI.

42.     YETI's tumbler trade dress is entitled to protection under the Lanham Act. YETI's tumbler trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its tumbler trade dress in the United States. Through that extensive and continuous use, YETI's tumbler trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's tumbler trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's tumbler trade dress acquired this secondary meaning before Kuer commenced its unlawful use of YETI's tumbler trade dress in connection with the infringing tumbler products.

43.     Kuer's use of YETI's tumbler trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's tumbler trade dress, YETI's tumbler products, and YETI.

44.     On information and belief, Kuer's use of YETI's tumbler trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Kuer's bad faith is evidenced at least by the similarity of the infringing tumbler products to YETI's tumbler trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Kuer's continuing disregard for YETI's rights.

45.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Kuer's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count IV:
### Unfair Competition and False Designation of Origin under § 43(a)
### of the Lanham Act, 15 U.S.C. § 1125(a)

46.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47.     Kuer's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing tumbler products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Kuer has obtained an unfair advantage as compared to YETI through Kuer's use of YETI's tumbler trade dress and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing tumbler products, at least by creating the false and misleading impression that the infringing tumbler products are manufactured by, authorized by, or otherwise associated with YETI.

48.     YETI's tumbler trade dress is entitled to protection under the Lanham Act. YETI's tumbler trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its tumbler trade dress in the United States. Through that extensive and continuous use, YETI's tumbler trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's tumbler trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's tumbler trade dress acquired this secondary meaning before Kuer commenced its unlawful use of YETI's tumbler trade dress in connection with the infringing tumbler products.

49.     Kuer's use of YETI's tumbler trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for

which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's tumbler trade dress, YETI's tumbler products, and YETI.

50.     On information and belief, Kuer's use of YETI's tumbler trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Kuer's bad faith is evidenced at least by the similarity of the infringing tumbler products to YETI's tumbler trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Kuer's continuing disregard for YETI's rights.

51.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Kuer's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count V:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

52.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53.     Kuer's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing tumbler products violate § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

54.     YETI's tumbler trade dress is entitled to protection under the Lanham Act. YETI's tumbler trade dress includes unique, distinctive, and non-functional designs.  YETI's tumbler trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's tumbler trade dress in the United States.  Through that extensive and continuous use, YETI's tumbler trade dress has become a famous well-known indicator of the origin and quality of YETI's insulated drinkware products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's insulated drinkware products.  YETI's tumbler trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's tumbler trade dress became famous

and acquired this secondary meaning before Kuer commenced its unlawful use of YETI's tumbler trade dress in connection with the infringing tumbler products.

55.     Kuer's use of YETI's tumbler trade dress is likely to cause, and has caused, dilution of YETI's famous tumbler trade dress, at least by eroding the public's exclusive identification of YETI's famous tumbler trade dress with YETI and YETI's insulated drinkware products, by lessening the capacity of YETI's famous tumbler trade dress to identify and distinguish YETI's insulated drinkware products, by associating YETI's tumbler trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous tumbler trade dress.

56.     Kuer's use of YETI's tumbler trade dress has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's tumbler trade dress, YETI's tumbler products, and YETI.

57.     On information and belief, Kuer's use of YETI's tumbler trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Kuer's bad faith is evidenced at least by the similarity of the infringing tumbler products to YETI's tumbler trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Kuer's continuing disregard for YETI's rights.

58.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Kuer's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count VI:**
**Trade Dress Dilution under Tex. Bus. & Com. Code § 16.103**

59.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 58 as though fully set forth herein.

60.     Kuer's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing tumbler products violate § 16.103 of the Texas Business & Commerce Code.

14

61.     YETI's tumbler trade dress is entitled to protection under Texas law. YETI's tumbler trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its tumbler trade dress in the United States and in the State of Texas. Through that extensive and continuous use, YETI's tumbler trade dress has become famous and a well-known indicator of the origin and quality of YETI's insulated drinkware products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's tumbler trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's insulated drinkware products. YETI's tumbler trade dress also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas. Moreover, YETI's tumbler trade dress became famous and acquired this secondary meaning before Kuer commenced its unlawful use of YETI's tumbler trade dress in connection with the infringing tumbler products.

62.     Kuer's use of YETI's tumbler trade dress and colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous tumbler trade dress at least by eroding the public's exclusive identification of YETI's famous tumbler trade dress with YETI, by lessening the capacity of YETI's famous tumbler trade dress to identify and distinguish YETI's insulated drinkware products, by associating YETI's tumbler trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous tumbler trade dress.

63.     Kuer's use of YETI's tumbler trade dress, and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's tumbler trade dress, YETI's tumbler products, and YETI.

64.     On information and belief, Kuer's use of YETI's tumbler trade dress and colorable imitations thereof has been intentional, willful, and malicious. Kuer's bad faith is evidenced at least by the similarity of the infringing tumbler products to YETI's tumbler trade

15

dress, as demonstrated in, for example, Illustrations 1-4 above, and by Kuer's continuing disregard for YETI's rights.

65.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Kuer's profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count VII:**
**<u>Common Law Trademark Infringement</u>**

66.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 65 as though fully set forth herein.

67.     Kuer's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing tumbler products, in direct competition with YETI, constitute common law trade dress infringement, at least because Kuer's use of YETI's tumbler trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing tumbler products, at least by creating the false and misleading impression that the infringing tumbler products are manufactured by, authorized by, or otherwise associated with YETI.

68.     YETI's tumbler trade dress is entitled to protection under the common law. YETI's tumbler trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its tumbler trade dress in the United States and the State of Texas.  Through that extensive and continuous use, YETI's tumbler trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products. YETI's tumbler trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's tumbler trade dress acquired this secondary meaning before Kuer commenced its unlawful use of YETI's tumbler trade dress in connection with the infringing tumbler products.

69.     Kuer's use of YETI's tumbler trade dress, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's tumbler trade dress, YETI's tumbler products, and YETI.

70.     On information and belief, Kuer's use of YETI's tumbler trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Kuer's bad faith is evidenced at least by the similarity of the infringing tumbler products to YETI's tumbler trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Kuer's continuing disregard for YETI's rights.

71.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Kuer's profits, punitive damages, costs, and reasonable attorney fees.

### Count VIII:
### Common Law Unfair Competition

72.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 71 as though fully set forth herein.

73.     Kuer's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing tumbler products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Kuer's goods, by simulating YETI's tumbler trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the infringing tumbler products, at least by creating the false and misleading impression that the infringing tumbler products are manufactured by, authorized by, or otherwise associated with YETI.  Kuer has also interfered with YETI's business.

74.     YETI's tumbler trade dress is entitled to protection under the common law. YETI's tumbler trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's tumbler trade dress for years in the

17

United States and the State of Texas.  Through that extensive and continuous use, YETI's tumbler trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's tumbler trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's tumbler trade dress acquired this secondary meaning before Kuer commenced its unlawful use of YETI's tumbler trade dress in connection with the infringing tumbler products.

75.   Kuer's use of YETI's tumbler trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's tumbler trade dress, YETI's tumbler products, and YETI.

76.   On information and belief, Kuer's use of YETI's tumbler trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Kuer's bad faith is evidenced at least by the similarity of the infringing tumbler products to YETI's tumbler trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Kuer's continuing disregard for YETI's rights.

77.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Kuer's profits, punitive damages, costs, and reasonable attorney fees.

**Count IX:**
**Common Law Misappropriation**

78.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 77 as though fully set forth herein.

79.   Kuer's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing tumbler products, in direct competition with YETI, constitute common law misappropriation.

80.   YETI created the products covered by YETI's tumbler trade dress through extensive time, labor, effort, skill, and money.  Kuer has wrongfully used YETI's tumbler trade dress, and/or colorable imitations thereof in competition with YETI and gained a special

advantage because Kuer was not burdened with the expenses incurred by YETI.  Kuer has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing tumbler products, by creating the false and misleading impression that the infringing tumbler products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

81.     YETI's tumbler trade dress is entitled to protection under the common law. YETI's tumbler trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's tumbler trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's tumbler trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.  YETI's tumbler trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's tumbler trade dress acquired this secondary meaning before Kuer commenced its unlawful use of YETI's tumbler trade dress in connection with the infringing tumbler products.

82.     Kuer's use of YETI's tumbler trade dress has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's tumbler trade dress, YETI's tumbler products, and YETI.  Moreover, as a result of its misappropriation, Kuer has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's tumbler trade dress, YETI and YETI's tumbler products.

83.     Kuer's misappropriation of YETI's tumbler trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Kuer's bad faith is evidenced at least by the similarity of the infringing tumbler products to YETI's tumbler trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Kuer's continuing disregard for YETI's rights.

84.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Kuer's profits, punitive damages, costs, and reasonable attorney fees.

### Count X:
### Unjust Enrichment

85.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 84 as though fully set forth herein.

86.     Kuer's advertisements, promotions, offers to sell, sales, and/or distribution of the infringing tumbler products, in direct competition with YETI, constitute unjust enrichment, at least because Kuer has wrongfully obtained benefits at YETI's expense.  Kuer has also, *inter alia*, operated with an undue advantage.

87.     YETI created the products covered by YETI's tumbler trade dress through extensive time, labor, effort, skill, and money.  Kuer has wrongfully used and is wrongfully using YETI's tumbler trade dress, and/or colorable imitations thereof, in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Kuer has not been burdened with the expenses incurred by YETI, yet Kuer is obtaining the resulting benefits for its own business and products.

88.     YETI's tumbler trade dress is entitled to protection under the common law. YETI's tumbler trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's tumbler trade dress for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's tumbler trade dress has become a well-known indicator of the origin and quality of YETI's insulated drinkware products.   YETI's tumbler trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's tumbler trade dress acquired this secondary meaning before Kuer commenced its unlawful use of YETI's tumbler trade dress and colorable imitations thereof in connection with the infringing tumbler products.

89.     Kuer's use of YETI's tumbler trade dress, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury

to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's tumbler trade dress, YETI's tumbler products, and YETI.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Kuer has wrongfully obtained and are wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

90.     Kuer's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Kuer's bad faith is evidenced at least by the similarity of the infringing tumbler products to YETI's tumbler trade dress, as demonstrated in, for example, Illustrations 1-4 above, and by Kuer's continuing disregard for YETI's rights.

91.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Kuer's profits.

## DEMAND FOR JURY TRIAL

92.     YETI hereby demands a jury trial on all issues so triable.

## <u>Relief Sought</u>

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Kuer has (i) infringed the '819 patent in violation of § 271 of Title 35 in the United States Code; (ii) infringed the '232 patent in violation of § 271 of Title 35 in the United States Code; (iii) infringed YETI's tumbler trade dress in violation of § 1125(a) of Title 15 in the United States Code; (iv) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (v) diluted YETI's tumbler trade dress in violation of § 1125(c) of Title 15 in the United States Code; (vi) diluted YETI's tumbler trade dress in violation of Tex. Bus. & Com. Code § 16.103; (vii) violated YETI's common law rights in YETI's tumbler trade dress; (viii) engaged in common law unfair competition; (ix) engaged in common law misappropriation; and (x) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Kuer were willful;

2.     An injunction against further infringement of the '819 and the '232 patents, further infringement and dilution of YETI's tumbler trade dress, and further acts of unfair competition, misappropriation, and unjust enrichment by Kuer, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's tumbler trade dress and/or the '819 and the '232 patents, pursuant to at least 15 U.S.C. § 1116, 35 U.S.C. § 283,  and Tex. Bus. & Com. Code § 16.104;

3.     An Order directing Kuer to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.     An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's tumbler trade dress in Kuer's possession or control, (iii) all plates, molds, and other means of making the infringing products in Kuer's possession, custody, or control, and (iv) all advertising materials related to the infringing products in Kuer's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.     An Order directing Kuer to publish a public notice providing proper attribution of YETI's tumbler trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.     An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of Kuer's profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 11125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104;

8.      An award of damages to compensate YETI for Kuer's infringement of the '819 and '232 patents, together with prejudgment and postjudgment interest, costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285; and

9.      Such other and further relief as this Court deems just and proper.

Dated:  May 27, 2016                         Respectfully submitted,


                                              By: */s/ Kevin J. Meek*
                                              Kevin J. Meek
                                              Texas Bar No. 13899600
                                              kevin.meek@bakerbotts.com
                                              Baker Botts L.L.P.
                                              98 San Jacinto Blvd., Suite 1500
                                              Austin, Texas 78701
                                              Telephone: (512) 322-2639
                                              Facsimile: (512) 322-8385

                                              Joseph J. Berghammer (*application for admission to
                                              the Western District of Texas approved, final
                                              admission pending*)
                                              Illinois Bar No. 6273690
                                              jberghammer@bannerwitcoff.com
                                              Sean Jungels (*pro hac vice forthcoming*)[1]
                                              Illinois Bar No. 6303636
                                              sjungels@bannerwitcoff.com
                                              Banner & Witcoff, Ltd.
                                              Ten South Wacker Drive
                                              Suite 3000
                                              Chicago, IL 60606-7407
                                              Telephone: (312) 463-5000
                                              Facsimile: (312) 463-5001

                                              **ATTORNEYS FOR YETI COOLERS, LLC**

---

[1] Mr. Jungels is aware and mindful of this Court's April 18, 2016 Orders in case nos. 16-cv-00456 (ECF No. 16) and 16-cv-00457 (ECF No. 11), and April 21, 2016 Order in case no. 16-cv-00454 (ECF No. 14).  He has filed an application for admission to the Western District of Texas, which is currently pending.  He understands from the Court that because he has filed his application for admission, they he may, while the application is pending, file for pro hac vice admission in the interim.